In the Matter of Victor BENVENUTO & Gladys Barbara Flores, Debtors.

LAS AMERICAS TRUST CO. Plaintiff,

v.

Victor BENVENUTO & Gladys Barbara Flores, Defendants.

Bankruptcy No. 87–00187(SEK).
Adv. No. 88–0052.

United States Bankruptcy Court, D. Puerto Rico.

June 29, 1989.

---

William Dávila de Pedro, Hato Rey, Puerto Rico, for debtor-defendant.

Manuel I. Vallecillo, Saldaña & Vallecillo, Hato Rey, Puerto Rico, for plaintiff.

## OPINION AND ORDER

SARA E. DE JESUS, Bankruptcy Judge.

Motions for Summary Judgment filed by Las Américas Trust Co., (LATCO), and the Defendants are pending before this Court.

LATCO filed a complaint objecting to the entry of discharge pursuant to 11 U.S.C. Section 727.[1] LATCO claims Debtors concealed or allowed property of the estate to be concealed with intent to hinder, delay, or defraud creditors or the Trustee, within one year from the filing of the petition.

Apparently Mr. Benvenuto was providing the Hotels Dorado and Cerromar with live music and entertainment (hereinafter, the business enterprise). He and his sister created a corporation known as Paco Benvenuto's Productions, Inc. in June of 1986, which thereafter provided the same services to the mentioned Hotels. According to LATCO, Mr. Benvenuto transferred to the Corporation the business enterprise without any consideration. He also transferred certain certificates of deposit issued by Banco Popular de Puerto Rico and realty located in Panamá.

None of the above information appears in the schedules filed in this Chapter 7

petition for bankruptcy filed by Mr. and Mrs. Rivera on February 4, 1987. The omission, according to LATCO, was willful and the transfers were done with the intent to defraud Mr. Benvenuto's creditors, so that discharge should be denied.

At the pretrial hearing held on October 2, 1988, the parties informed the Court that they were willing to stipulate the facts which the Court needed to resolve the controversy. Accordingly, the Court granted 30 days for the filing of the stipulated facts and 60 days to each party to file the corresponding Memo of Law. A Joint Stipulation of Facts was filed. However, each party filed a Motion for Summary Judgement, both of which are not opposed.

Bankruptcy Rule 7056 makes FRCP 56 applicable to adversary proceedings such as the one at bar. The purpose of a Motion for Summary Judgment is "... to pierce formal allegations of facts and pleadings ... and to determine whether further exploration of facts is necessary. [cit. omitted]". See *Hahn v. Sargent*, 523 F.2d 461, 464 (C.A.1, 1975), and its progeny. In order to defeat the Motion, a party must establish "... the existence of an issue of fact which is both 'genuine' and 'material'. A material issue is one which affects the outcome of the litigation. To be considered 'genuine' for Rule 56 purposes a material fact must be established by 'sufficient evidence supporting the claimed factual dispute ... to require a judge or a jury to resolve the parties' differing versions of the truth at trial.'... The evidence manifesting the dispute must be 'substantial' ... going beyond the allegations of the complaint." *Id.* at p. 464.

LATCO's Motion for Summary Judgment contains the same allegations of the Complaint. These allegations are purportedly substantiated by the Stipulated Facts and testimony given by Mr. Benvenuto at his deposition taken on August, 17, 1988.[2]

---

1. Under Section 727 of the U.S. Bankruptcy Code, a bankruptcy court must grant an individual a discharge in Chapter 7, unless one or more of the specific grounds for denial of discharge enumerated in Section 727(a)(1)–(10) is present.

2. "Rule 56 expressly provides that the court may make use of depositions on a summary judg-

ment motion. Only that portion of a deposition that will be admissible at trial may be introduced in a summary judgment motion, however.... The major deficiency of the deposition as compare to like testimony, of course, is that it offers no way to evaluate the witness' demeanor or credibility." 10A *Wright, Miller &*

A review of the Stipulated Facts and the cited portions of the deposition make no mention of whether the business enterprise was transferred with or without consideration to the Corporation. The facts do not clarify who was the owner of the certificates of deposit, to whom these were transferred, when this was done and whether there was any consideration for such transfer. The evidence proferred omits any mention of the realty in Panamá which was supposedly transferred. The intent to defraud is supposed to be deduced from some testimony given at a deposition, but the Rule "... does not permit the court to convert 'inferences' that might be drawn from the papers on file into 'admissions'.[3] Hence, the Court lacks essential uncontested facts needed to enter the Summary Judgment as requested by LATCO.

Defendants' Summary Judgment begins elaborating a legal theory which we think goes like this: the contract between Mr. Benvenuto and the hotels is not an executory contract within the meaning of the U.S. Bankruptcy Code and therefore cannot be assumed by the Trustee. We believe that this is irrelevant to the dispute of whether the discharge should be denied by virtue of 11 U.S.C. Section 727(a). Next, the Motion addresses the issue of whether the revenues from the business enterprise form part of the estate funds. Again, we are at a loss to see the relevancy of this argument. Then the Motion addresses the certificates of deposits negating that the alleged transfer occurred and stating that the funds were used by Mr. Benvenuto for his living expenses before the petition was filed. Likewise, Mr. Benvenuto alleges in his Motion that he knows of no realty in Panamá which he failed to list in his schedules. These statements have no support in affidavits or for that matter in any other admissible evidence. If these statements were supported as required by the procedural rule invoked, then they would raise genuine issues of material fact which would not allow the Court to enter a summary judgment.

In sum, the parties have made it extremely difficult for this Court to resolve their respective Motions because it appears they have not taken the time to review the law governing summary judgments; organize the facts and evidence to substantiate their respective positions; and stated at pretrial they would take one course of action, while adopting another.[4] Under these circumstances both Motions for Summary Judgment are DENIED.

The parties will complete any pending discovery, file marked copies of the Exhibits and Identifications to be used at trial (Plaintiff will use letters, Defendants will use arabic numerals and Joint Exhibits will be marked with roman numerals.), and update the pretrial order, if necessary, within 60 days.

The Clerk will schedule the trial for the month of October or November, 1989, separating two days in the calendar and give the notice.

*Kane, Federal Practice and Procedure,* Section 2722.

**3.** See 10A *Wright, Miller & Kane, Federal Practice and Procedure,* Sections 2722 and 2726.

**4.** "It is true that summary judgment cannot be granted under the basis of statements of fact in the moving party's brief even though they are uncontroverted by an opponent. Nor can the motion be defeated by factual assertion in the brief of the party opposing it, inasmuch as documents of this character are self-serving and are not probative evidence of existence or nonexistence of any factual issues. Similarly, the court may not take cognizance of position regarding the facts based on exhibits that are merely part of the brief and have not been otherwise verified or supported." 10A *Wright, Miller & Kane, Federal Practice and Procedures,* Section 2722.